

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ESTATE OF JOSEPH R. SMITH
Vs.                                                      C.A. No.        2018 CA 001779 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY et al
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  March 15, 2018
Initial Conference: 9:30 am, Friday, June 15, 2018
Location:  Courtroom 516
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

Filed
D.C. Superior Court
03/15/2018 10:56AM
Clerk of the Court

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
## INFORMATION SHEET

_HAZEL MOSBY_                           Case Number: __2018 CA 001779 B__

vs.                                     Date: _March 13, 2018_

_WASHINGTON METROPOLITAN AREA_
_TRANSIT AUTHORITY_                     ☐ One of the defendants is being sued
                                          in their official capacity.

Name: (Please Print)
_Brian K. McDaniel_                     | Relationship to Lawsuit
Firm Name:                              | ☒ Attorney for Plaintiff
_The McDaniel Law Group, PLLC_          | ☐ Self (Pro Se)
Telephone No.:        Six digit Unified Bar No.: | ☐ Other: ___
_(202) 331-0793_      _452809_

TYPE OF CASE:  ☐ Non-Jury     ☐ 6 Person Jury
Demand: $ _30,000,000_        Other: _____   ☒ 12 Person Jury

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____
Case No.: _____    Judge: _____    Calendar#: _____

NATURE OF SUIT:    (Check One Box Only)

### A. CONTRACTS
                           COLLECTION CASES
☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent      ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent       ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                   ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent            Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                   ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent           Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

### B. PROPERTY TORTS
☐ 01 Automobile                  ☐ 03 Destruction of Private Property
☐ 02 Conversion                  ☐ 04 Property Damage                          ☐ 05 Trespass
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS
☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander               Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference       ☒ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal            ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)               ☐ 23 Tobacco
                                                                   ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____ 0 3/1 8/1 8 _____
Date

CV-496/ June 2015

*Apr. 19, 2018  15:24  p.m. sam*



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

HAZEL MOSBY
_____
                                    Plaintiff

                    vs.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY         Case Number   2018 CA 001779 B
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brian K. McDaniel
_____
Name of Plaintiff's Attorney                              Clerk of the Court

1920 I Street, N.W., Suite 303
_____
Address                                    By _____
Washington DC 20036                                        Deputy Clerk

(202) 231-0773
_____
Telephone                                    Date   03/15/2018

如需翻譯,請打電話 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      ያማርኛ ትርጉም አስፈልጎ ከፈለገ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

     If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                    See reverse side for Spanish translation
                    Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

                                                                CASUM.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| HAZEL MOSBY, as the Personal Representative of the Estate of Joseph R. Smith<br>899 Bellevue Street S.E.<br>Washington, D.C. 20032<br><br>     Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 5th Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>JOHN DOE, Employee of Defendant WMATA and in his personal capacity<br>600 5th Street N.W.<br>Washington, D.C. 20001<br><br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  CASE NO. 2018 CA 001779 B<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, HAZEL MOSBY, Personal Representative of the Estate of Joseph Reed Smith, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, PLLC, and states the following:

### PRELIMINARY STATEMENT

1. The Plaintiff, as Personal Representative of the Estate of Joseph Reed Smith, by and through counsel, hereby brings this action for damages arising from the death of Joseph R. Smith ("Plaintiff's Decedent"). Plaintiff states that the Defendant (WMATA) demonstrated, through its agents, a reckless disregard and deliberate indifference to the

safety, health and well being of Plaintiff's Decedent by failing to operate it's public transportation bus in a manner consistent with the traffic laws of the District of Columbia and in accordance with the reasonable operation of the same. These failures on the part of the Defendants resulted in Plaintiff's Decedent being subjected to physical and mental pain and suffering and ultimately death. In support thereof, plaintiff states as follows:

## PARTIES

1. Plaintiff, Personal Representative Hazel Mosby, is now and at all times relevant hereto has been a resident of the District of Columbia and living at 899 Bellevue Street, S.E., Washington, D.C. 20032.

2. The Decedent, Joseph Reed Smith, was a life-long resident of the District of Columbia and resided at 900 Varney Street S.E., Apt. #126, Washington, D.C. 20032 at the time of his death.

3. Defendant Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA") is an interstate quasi-governmental entity that provides public bus and rail transportation to residents of the State of Maryland, District of Columbia, and the Commonwealth of Virginia, and has its principal place of business in Washington, D.C..

4. Defendant John Doe was at all times an employee of Defendant WMATA who was operating within the scope of his employment.

5. All acts and omissions alleged herein occurred in the District of Columbia.

6. Jurisdiction and venue is proper in the Superior Court for the District of Columbia.

2

## FACTS

7.    The incident underlying the allegations of this Complaint took place in the District of Columbia at the bus stop located at 16th and U street N.W.

8.    On May 16, 2017 at approximately 10:45 am, Plaintiff/Decedent Joseph R. Smith was a passenger on a bus owned and operated by Defendant WMATA, which was travelling Westbound on U Street N.W.

9.    On that same date and time, Plaintiff/Decedent Joseph R. Smith boarded the WMATA bus, which was then being operated by Defendant John Doe. Defendant John Doe, having previously noticed a vehicle in front of the WMATA bus which he/she was driving, turned his/her head and proceeded to advance the bus prior to Plaintiff/Decedent Joseph R. Smith taking a seat on the bus.  As a result of the Defendant John Doe's failure to maintain a proper lookout for the flow of traffic in front of his/her vehicle, Defendant John Doe did not see the vehicle, which was stopped for pedestrians in the crosswalk and crashed his/her bus into the rear of the vehicle which had come to a complete stop.

10.    Defendant John Doe began to drive the bus away from the bus stop before Plaintiff/Decedent was able to locate and sit in any free seat on the bus. As a result of the impact with the rear of the vehicle and the John Doe's failure to insure that Mr. Smith was seated before he/she pulled off from the bus stop, Plaintiff/Decedent Joseph R. Smith fell onto his side in the interior of the bus

11.    As a result of his fall on the bus, Plaintiff/Decedent Joseph R. Smith was taken to Howard University Hospital for treatment of injuries to his neck, back, hip, shoulders and legs. Approximately three to five days after the collision, Plaintiff/Decedent Smith was subjected to a surgical procedure at the Providence Hospital to repair the injury sustained

3

as a result of this collision. On May 26, 2017 Mr. Smith was transferred to the Transitional Care Nursing Home for the purpose of rehabilitation. Mr. Smith remained at the Nursing Home until his death on June 18, 2017. On July 6, 2017 in a "certificate of death" issued by the Government of the District of Columbia Department of Health, Dr. Constance Diangelo, MD. noted the cause of death as "complications of left periprosthetic femur fracture.

12.     Having failed to maintain a proper lookout for traffic, Defendant John Doe failed to notice that the vehicle which was in front of the WMATA bus had come to a stop to allow a pedestrian to cross the intersection and as a result, the WMATA bus struck the rear of the vehicle.

13.     As Plaintiff/Decedent Joseph R. Smith, had not been allowed to get into his seat prior to Defendant John Doe beginning to drive the WMATA bus, Plaintiff/Decedent Joseph R. Smith fell and fractured his femur as a result of the impact between the WMATA bus and the aforementioned vehicle.

## COUNT I
### (Wrongful Death)

Plaintiffs incorporate by reference paragraphs 1 through 13 as if fully set forth herein.

14.     On May 16, 2017 at approximately 10:45 am Plaintiff/Decedent Joseph R. Smith boarded a WMATA bus then being operated by Defendant John Doe.

15.     Plaintiffs' claims under common law negligence are actionable under the Wrongful Death Act. D.C. Code § 16-2701.

4

16.     As a direct result of the wrongful acts committed by the Defendants, plaintiff and the next of kin of Plaintiff/Decedent Joseph R. Smith incurred burial expenses, los of pecuniary value of services expected to be performed by Joseph R. Smith, and other damages recoverable under the Act.

17.     Defendant, WMATA operated its vehicle in an unreasonably unsafe, reckless, careless and negligent manner by ignoring the traffic laws of the District of Columbia, by failing to maintain an appropriate lookout for flowing traffic, by failing to maintain proper control of it's motor vehicle and by failing to allow a boarding passenger to sit in his seat prior to departing from the bus stop.

18.     As a proximate result of Defendant WMATA's negligence and failure to keep proper look out for the flow of traffic, Plaintiff/Decedent Smith sustained significant injuries including harm to his neck, back, shoulder, hip and a fracture of his left femur. On May 26, 2017 Mr. Smith was transferred to the Transitional Care Nursing Home for the purpose of rehabilitation from injuries sustained as a result of the May 16th crash. Mr. Smith remained at the Nursing Home until his death on June 18, 2017. On July 6, 2017 in a "certificate of death" issued by the Government of the District of Columbia Department of Health, Dr. Constance Diangelo, MD, noted the cause of death as "complications of left periprosthetic femur fracture.

19.     As a result of the death of Plaintiff/Decedent Joseph R. Smith, his siblings, Charlene E. Martin, Ali Abdul Barr, Lutisha L. Smith, Hazel W. Mosby, Robert E. Smith, Theodora Smith, Ada Smith Adams and James Smith, have been deprived of their brother's care, love, attention, companionship, guidance, and comfort, which he would

have provided had he not been injured and ultimately died as a result of Defendants' wrongful acts.

20.    As a further proximate result of Defendant's WMATA's negligence, Plaintiff/Decedent Smith sustained extensive health care expenses and loss of work.

## COUNT II
### (Survival Act)

Plaintiffs incorporate by reference paragraphs 1 through 20 as if fully set forth herein.

21.    Pursuant to the Survival Act, D.C. Code § 12-101, Plaintiff/Decedent Joseph R. Smith's right of action for wrongful and negligent conduct against the defendants survives in favor of Plaintiff Hazel Mosby as the personal representative of Mr. Smith's estate. The plaintiff demands all damages recoverable under the Act including substantial damages for the loss of wages, any and all medical expenses and costs, conscious pain and suffering, and any and all other damages recoverable under the Act.

## COUNT III
### (Automobile Negligence)

Plaintiffs incorporate by reference paragraphs 1 through 21 as if fully set forth herein.

22.    Defendants, WMATA and John Doe operated its vehicle in a negligent and careless manner by ignoring the traffic laws and failing to keep an appropriate look out for the flow of traffic in front of the WMATA bus resulting in the collision.

23.    As a result of the collision, Plaintiff/Decedent Joseph R. Smith did sustain injuries to his body and ultimately death.

6

24.     Defendants owed a duty to the Plaintiff/Decedent Joseph R. Smith to use due care and caution in the operation and control of its vehicle. Defendant, WMATA and its agents were required to operate the vehicle with care so as to reasonably protect the safety, health and life of the Plaintiff/Decedent Joseph R. Smith and to obey all traffic ordinances of the District of Columbia and the rules of common law. Defendants also owed a duty to Plaintiff/Decedent Joseph R. Smith to maintain a proper look out for the flow of traffic in front of the bus.

25.     Contrary to the duties owed to the Plaintiff/Decedent Joseph R. Smith, the Defendant WMATA through its agent was negligent, careless and reckless with respect to the following:

a.     Failing to adhere to the traffic ordinances of the District of Columbia and the rules of common law by failing to maintain a proper lookout for the flow of traffic;

b.     Failing to maintain proper control of the vehicle;

c.     Otherwise operating the vehicle in a reckless, careless and negligent manner disregarding the safety of others on the road.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hazel Mosby prays that this Court award judgment against the Defendants, WMATA, and John Doe Driver. Plaintiff further requests the following relief:

a.  That the Court award Plaintiff damages in the amount of not less than one hundred thousand dollars ($30,000,000.00) against Defendants;

b.  That the Court award pre-judgment interest on all sums due to the Plaintiff identified in this action;

c.  That the Court award attorney's fees and costs of this action incurred by Plaintiff identified in this action;

d.  That the Court award monetary relief to each of the heirs entitle to the same pursuant to the Wrongful Death Act. D.C. Code § 1-2701.

e.  That the Court award such other and further relief as may be proper and to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a jury trial in this matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004

8